UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

NATALIA SHAW,
    Plaintiff,

v.                        CIVIL ACTION NO. 15-11602-MPK

TOWN OF PLYMOUTH,
    Defendant.

**ORDER ON RENEWED MOTION FOR APPOINTMENT OF COUNSEL (#15)**

KELLEY, U.S.M.J.

      The plaintiff's renewed motion for appointment of counsel (#15) is DENIED WITHOUT PREJUDICE.  As the Court explained in its earlier order, the appointment of pro bono counsel is only appropriate when exceptional circumstances exist such that the denial of counsel will result in fundamental unfairness impinging on the party's due process rights.  *See DesRosiers v. Moran*, 949 F.2d 15, 23 (1st Cir. Cir. 1991).  To determine whether there are exceptional circumstances sufficient to warrant the appointment of counsel, the Court must examine the total situation, focusing on the merits of the case, the complexity of the legal issues, and the litigant's ability to represent herself.  *See id.* at 24.

      Shaw gives five reasons for which she is unable to represent herself.  First, she claims that the defendant "treats [her] with contempt and takes advantage of [her] situation."  Mot. for Counsel (#15) at 1.  In support of this assertion, she states that, even though the defendant filed an answer on June 1, 2015, defense counsel did not provide the plaintiff a copy of the document until July 6, 2015, after the plaintiff had contacted defense counsel.[1]  Second, Shaw cites the

---

[1] The certificate of service submitted with the answer did not indicate that the a copy of the document was mailed to the plaintiff.  The certificate of service, signed by counsel, consists of the following: "I, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the notice of Electronic Filing

difficulties in representing herself at trial, including making an opening statement, participating in jury selection, preparing jury instructions, and being familiar with court rules and procedure. Third, she states that English is not her first language and that she does not have familiarity with legal processes or language.  Fourth, Shaw asserts that this case is complicated.  Fifth, she alleges that her medical condition prevents her from representing herself.  According to a letter from her doctor, she suffers from stress related to losing the job at issue in this litigation.  Her physician reports that she experiences episodes of intense anxiety during which she cannot accomplish any daily tasks and must stay in bed until she feels better.  The doctor recommends that she avoid exposure to events that trigger her anxiety attacks.  Finally, the plaintiff reports that she has contacted five attorneys in an attempt to find representation.

   While the Court is cognizant that pro se litigants must overcome obstacles not faced by parties who have counsel, nothing has transpired since the Court's denial of Shaw's first motion for appointment of counsel that establish exceptional circumstances warranting the appointment of counsel.  Defense counsel should have timely provided Shaw with a hard copy of the answer, but this single reported omission does not amount to treating the plaintiff with contempt or taking advantage of her.  Given that the Court has not even held an initial scheduling conference, the plaintiff's concerns about conducting a trial are premature.  At this point, neither the law nor the facts of this case appears complicated.  The Court does not take Shaw's allegations regarding her anxiety attacks lightly, but this factor alone does not merit the appointment of counsel.

   Accordingly, the plaintiff's renewed motion for appointment of counsel (#15) is DENIED WITHOUT PREJUDICE.

July 29, 2015

　　　　　　　　　　　　　　　　　　　/s/ M. Page Kelley　　　　　　　
　　　　　　　　　　　　　　　　　　　M. Page Kelley
　　　　　　　　　　　　　　　　　　　United States Magistrate Judge

---

(NEF)." Ans. (#9) at 5.